UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Carpenters' Council Pension
Fund et al.,

       Case No. 12-11753

    Plaintiffs,

       Honorable Nancy G. Edmunds

v.

Sharp & Soltis Construction Company, LLC,

    Defendant.
                                                /

### ORDER AND OPINION DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE [9]

Before the Court is Plaintiffs' motion for default judgment on their failure to pay fringe benefits ERISA claim against Defendant Sharp & Soltis Construction Company, LLC. (Dkt. 9.) The Court has reviewed the pleadings and finds that the scheduled hearing is unnecessary and disposes of it pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court DENIES Plaintiffs' motion for default judgment WITHOUT PREJUDICE.

**I.    Background**

Plaintiffs filed suit against Defendant seeking payment related to delinquent fringe benefit contributions owed under the terms of a collective bargaining agreement (CBA).

On July 30, 2012, Plaintiffs requested a clerk's entry of default due to Defendant's failure to plead or otherwise defend this action in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 6.) A day later, the entry of default was entered. (Dkt. 7.)

On October 8, 2012, Plaintiffs filed this motion for default judgment seeking damages in the amount of $100,781.10:[1]

- $84,672.16 in unpaid delinquent contributions (from May, 2009-September, 2011);
- $4,105.01 in pre judgment interest on unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B);
- $7,783.46 in liquidated damages, pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii);
- $1,791.00 in attorney fees and $395.90 in costs, pursuant to 29 U.S.C. § 1132(g)(2)(D), for a total of $2,186.90;[2]
- $1,700.38 in late payment assessments pursuant to Plaintiff's plan documents; and
- $333.19 in audit fees pursuant to 29 U.S.C. § 1132(g)(2)(D) and plan documents.

(Pl.'s Mot. at 2.) Plaintiffs also request an order requiring Defendant to submit to an audit for the period of October, 2011 to the date of the audit, and to pay for all costs of the audit; to award the amounts shown in that audit, and grant leave for Plaintiffs to file post-judgment motions setting forth additional damages.

**II.     Analysis**

To obtain a default judgment, Plaintiffs' motion and supporting affidavits must provide:

1. The nature of the claim;
2. That the return of service was filed with the Court and that service was properly

---

[1] As the Court states below, it has altered the total awarded judgment. There was a typographical error in the attorneys' fees total.

[2] The Court notes that the motion incorrectly stated that the total for the attorneys' fees and costs was $2,816.90. The actual total is $2,186.90. The Court notes that this error was a typographical error and in no way substantively affects the sum certain calculation.

    made on Defendant;

3. A statement that Defendant is not:

    a)     an infant or incompetent person; or

    b)     in the military service;

4. The date the Clerk entered a default because Defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a);

5. The sum certain or the information necessary to allow the computation of a sum certain; and

6. If an award of interest, costs, or attorney fees is sought, the legal authority and supporting documentation for interest, costs or attorney fees.

*See* Fed. R. Civ. P. 55(b); E.D. Mich. L. R. 55.2.

Here, the Court finds that it lacks sufficient information to determine whether service was properly made on Defendant. The return of service has a 'checked' section that indicates that "Sharp & Soltis Construction Company, LLC" was "[p]ersonally served at this address: 4426 E. Berry Rd. Pleasant Lake, MI." (Dkt. 4.)

Federal Rule of Civil Procedure 4(h) governs service on corporations, partnership, or associations. That rule indicates that service upon an LLC must be made (A) by "the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.] Fed.R.Civ.P.4(h)(1)

Rule 4(e) provides that service may be made in accordance with state law. Michigan Court Rule 2.105(D) governs service of corporations. That rule contemplates (1) personal

service on an officer or the resident agent; (2) personal service on an director, trustee, or person in charge of an office or business establishment of the corporation and by registered mail to the principal office of the corporation; (3) personal service on the last presiding officer of a corporation that has ceased to do business; and (4) service by registered mail to the corporation or an appropriate officer if the corporation has failed to appoint and maintain a resident agent, failed to keep up its organization by the appointment of officers or otherwise; or if its term of existence has expired. Mich.Ct.R. 2.105(D).

Here, the Court lacks the information required to determine whether service was properly made. There is no name listed on the return of service, the Court therefore is unable to determine whether a resident agent or officer was served in accordance with Federal Rule 4(h). The Court also is unable to tell whether service was properly made in accordance with any Michigan means of service.

The Court therefore finds Plaintiffs have not shown that service was properly made on Defendant and therefore they have not satisfied the requirements for a default judgment.

If Plaintiffs wish to continue this action, they must re-serve Defendant in accordance with the Federal or Michigan Rules of Procedure within 30 days of this order. The Court finds that there is good cause to afford Plaintiffs this re-service in accordance with Rule 4(m), given that Plaintiffs attempted to effect service. Plaintiffs must therefore restart the default judgment process after they submit proof of proper service.

### III. Conclusion

For the above-stated reasons, the Court DENIES Plaintiff's motion for default judgment WITHOUT PREJUDICE.

                     s/Nancy G. Edmunds  
                     Nancy G. Edmunds  
                     United States District Judge

Dated:  December 11, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 11, 2012, by electronic and/or ordinary mail.

                     s/Carol A. Hemeyer  
                     Case Manager